(11 Misc. Rep. 302.)

PEOPLE v. COWAN et al.

(Common Pleas of New York City and County, General Term.    February 4, 1895.)

FORFEITED RECOGNIZANCE—SUPPLEMENTARY PROCEEDINGS.

Under Code Civ. Proc. § 2458, providing that, in order to entitle a judgment creditor to maintain supplementary proceedings, "the judgment must have been rendered upon the judgment debtor's appearance or personal service of the summons upon him," such proceeding cannot be maintained on a judgment on a forfeited recognizance, where summons was not served on the parties.    31 N. Y. Supp. 427, affirmed.

Appeal from special term.

Action by the people of the state of New York against Thomas G. Cowan, principal, and John Cahill, surety. From an order vacating and setting aside an order theretofore made, requiring defendant Cahill to appear and be examined as a judgment debtor in supplementary proceedings (31 N. Y. Supp. 427), plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

John R. Fellows and J. D. Lindsay, for appellant.
Benjamin Yates, for respondents.

BOOKSTAVER, J. The respondents entered into a recognizance, in manner and form as provided by law, for the appearance of Cowan, the principal, at the court of general sessions, at a time fixed. Upon the principal's failure to appear at that time, the recognizance was declared forfeited, and an order to that effect was entered; and thereafter the judgment thereon was duly docketed, according to law, with the clerk of the city and county of New York, and afterwards an execution upon that judgment was issued to the sheriff of the same county, which was returned wholly unsatisfied, and the judgment now remains unpaid.

There is no question as to the regularity of the judgment, or of the execution issued thereon, and the only question presented on this appeal is whether or not supplementary proceedings can be instituted in such case. It is undisputed that neither of the defendants was served with the summons, and did not appear in the proceedings in which judgment was entered. Proceedings supplemental to the return of an execution are special proceedings, under section 2433 of the Code; and, in order to entitle a judgment creditor to maintain them, the judgment must have been rendered upon the judgment debtor's appearance, or the personal service of the summons upon him. Code, § 2458. The fact that the judgment was recovered in the manner provided by law does not do away with the necessity of this appearance or service. Section 1480 of the consolidation act, providing for the entry of such a judgment, further says, "An execution may be issued to collect the amount of said recognizance in the same form as upon a judgment recovered in the court of common pleas of said city and county in an action of debt in favor of the people against the persons entering into such recognizance"; and this is the only provision in relation to the execution or proceedings thereafter. And it will be observed it does not provide that the judgment so entered shall be enforced in the same manner and effect as a judgment recovered in the court of common pleas, but declares what rights the judgment creditors shall have under such a judgment, and limits his remedy to the issue of an execution thereon; and we think a judgment creditor, in such case, is entitled only to such relief as is conferred by that section. The case of People v. Quigg, 59 N. Y. 83, does not touch this question. It merely decides

that a judgment so entered is not in violation of the provisions of the constitution restraining the taking of property without due process of law. In the course of the opinion, it is said:

"A party may, by his voluntary act, waive any and every right or privilege personal to himself, and affecting only his rights of property, conferred or secured to him either by the constitution or by statute [citing authorities]. The law permitting judgment to be perfected upon the recognizances, upon default in condition, was in force at the time the recognizances were entered into, and made a part of the terms and conditions of the undertaking and covenant of the parties, as much as if inserted bodily in the instrument. By the recognizance the defendants acknowledged an indebtedness to the people, in the sum named, subject to a defeasance, and consented, upon a failure to perform the conditions, the debt should become absolute, and might be made a debt of record, and judgment perfected thereon, which should be a lien upon the real property, and upon which execution might issue, as upon other judgments for the recovery of a sum certain."

Giving full effect to this language, the defendants only waived their right to a trial, and submitted themselves to the provisions of law then in force in regard to such matters, which, as before pointed out, is section 1480 of the consolidation act, which does not provide for proceedings supplemental to execution. We therefore think the order appealed from should be affirmed. We regret this conclusion, as it probably is true, as urged by the district attorney, that it will seriously affect the administration of criminal law; but the remedy rests in the legislature, and not with us. All concur.